This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellant,**
**v.**
**ANGEL DANIEL PEREZ,**
**Defendant-Appellee.**

Docket No. A-1-CA-35834
COURT OF APPEALS OF NEW MEXICO
May 23, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Alisa A. Hadfield, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, John Kloss, Assistant Attorney General, Albuquerque, NM for Appellant

Bennett J. Baur, Chief Public Defender, J.K. Theodosia Johnson, Assistant Appellate Defender, Santa Fe, NM for Appellee.

**JUDGES**

MEGAN P. DUFFY, Judge. WE CONCUR:  J. MILES HANISEE, Judge, JULIE J. VARGAS, Judge

**AUTHOR:** MEGAN P. DUFFY

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     Defendant was indicted for racketeering, forgery, and the alternative offense of fraud. The district court dismissed the charges without prejudice as a sanction for untimely arraignment pursuant to LR2-400(C)(1) NMRA (2016). The State appeals. We affirm.

## BACKGROUND

**{2}**     Defendant was indicted on Friday, May 19, 2016. At the time, Defendant was in the custody of the Department of Corrections and serving time at the Penitentiary of New Mexico, but had been transported to the Bernalillo County Metropolitan Detention Center (MDC) so that he could be present at his grand jury proceeding. Although the State had arranged for Defendant's transport to MDC and Defendant remained in MDC custody, the indictment presentation order indicated Defendant was in the custody of the New Mexico Department of Corrections.

**{3}**     Defendant was required to be arraigned not later than seven business days after the indictment, or by May 31, 2016, pursuant to LR2-400(C)(1). On May 23, 2016, the State noticed that the matter had not been set for arraignment and contacted the district court to request that the matter be set for arraignment. The district court filed a notice of arraignment later that day, which set arraignment for June 3, 2016. The notice stated, "PER ADA'S OFFICE (DEFENDANT IN DOC CUSTODY)" indicating that the State believed that Defendant was located at the penitentiary, rather than at MDC.

**{4}**     The State waited an additional four days before notifying the district court that the June 3, 2016 arraignment would be untimely pursuant to LR2-400(C)(1); it filed a motion to extend the arraignment deadline on Friday, May 27—just one business day before the arraignment deadline would expire on Tuesday, May 31 (the intervening Monday was Memorial Day, a holiday not counted for purposes of calculating the seven-day period). The State, mistakenly believing that Defendant was at the penitentiary, argued that the arraignment could not be completed by the local rule's deadline because transportation from the penitentiary before May 31 would not be possible. No order was entered on the State's motion before the June 3 arraignment setting.

**{5}**     The district court conducted a hearing on June 3, 2016. Even though Defendant was in custody and the transportation order incorrectly identified his location, he appeared at the hearing in person. His counsel made an oral motion to dismiss the indictment based upon the untimeliness of his arraignment. In response, the State pointed out that it had attempted to resolve the untimeliness through its motion for enlargement, to no avail. The district court granted Defendant's motion and dismissed the case without prejudice because Defendant was not arraigned within seven days of the date of the indictment. The State filed a motion to reconsider, which the district court denied.

**{6}**     The district court's written orders for the June 3 hearing and on the motion to reconsider did not contain findings of fact regarding its consideration of the factors articulated in *State v. Harper*, 2011-NMSC-044, ¶¶ 16-20, 150 N.M. 745, 266 P.3d 25, and clarified by *State v. Le Mier*, 2017-NMSC-017, ¶ 20, 394 P.3d 959, which require district courts to consider "culpability, prejudice, and lesser sanctions" when imposing sanctions. *Le Mier*, 2017-NMSC-017, ¶ 20; *State v. Lewis*, 2018-NMCA-019, ¶ 8, 413 P.3d 484 (stating that "culpability, prejudice, and lesser sanctions are appropriate tools for evaluating the type of sanction that the district court may impose" pursuant to the

local rule). We issued an order of limited remand asking the district court to explain its reasoning within the analytical framework provided by *Harper*, and having reviewed the district court's findings, we affirm.

## DISCUSSION

**{7}** We review the district court's imposition of sanctions pursuant to LR2-400 for an abuse of discretion. *See Lewis*, 2018-NMCA-019, ¶ 5 (applying abuse of discretion standard to review imposition of sanctions under LR2-400).

> An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason. In reviewing the district court's decision, [an appellate court] views the evidence—and all inferences to be drawn from the evidence—in the light most favorable to the district court's decision.

*Le Mier*, 2017-NMSC-017, ¶ 22 (internal quotation marks and citation omitted). "As an appellate court, we necessarily operate with imperfect information about the proceedings we review, and our assessment of the propriety of the decision to impose or not to impose [a sanction] must reflect this reality." *Id.* ¶ 17. "[T]rial courts shoulder the significant and important responsibility of ensuring the efficient administration of justice in the matters over which they preside, and it is our obligation to support them in fulfilling this responsibility." *Id.* ¶ 18.

**{8}** We asked the district court to explain its consideration of culpability, prejudice, and lesser sanctions in a written order and now review the district court's findings related to each factor.

## Culpability

**{9}** "The degree of culpability . . . is a fact-specific inquiry for the district court to consider in assessing sanctions against a party." *Lewis*, 2018-NMCA-019, ¶ 13. The district court considered the State's culpability in its order on limited remand and stated:

> The State had the ability and resources to determine Defendant's whereabouts when arraignment was set on May 23, 2016. Although not intentional, the State made no attempt to confirm Defendant's actual location, despite having had him transported to MDC for the Grand Jury, which led to the State's mistaken belief that Defendant would not be able to be transported in time for arraignment before the deadline.

The district court indicated that the State would have been able to comply with an arraignment on or before the deadline if it had been aware of Defendant's actual location. The district court also noted the State's delay in filing its motion for

enlargement—four days after receiving notice of the June 3 arraignment date on Tuesday, May 23. While the State followed the correct procedure, in light of the seven-day timeframe required by the local rule, the four-day delay amounted to over half of the arraignment period and occurred just one business day before the arraignment deadline. In our view, this request did not adequately provide the district court with notice or an opportunity to cure the problem. While we are mindful of the district court's responsibility to set arraignments within the timeframes required by the local rule and note that the State had limited options to address the untimely arraignment setting, we nevertheless conclude that the district court did not abuse its discretion in finding the State culpable based on these facts, particularly given the short deadlines at play.

**Prejudice**

**{10}** Prejudice occurs when a delay impacts a defendant's ability to present a defense and when it results in a waste of judicial resources. *Le Mier*, 2017-NMSC-017, ¶¶ 25-26 ("Courts need not suffer nor tolerate a party's inability to comply with rules and orders but must instead ensure that the party's non-compliance does not result in the waste of judicial resources. Here, the court's time was wasted, and this is prejudicial."). In this case, the district court found that:

> Defendant allegedly lost access to services and treatment that had been available through the DOC during the unnecessary time he was held in MDC beyond the arraignment deadline. Additionally, the Court had to devote time and resources in hearing the motion for reconsideration and in determining the motion for enlargement.

(Citation omitted.) We note that the allegations of lost "services and treatment" were based on the entire three-week period in which Defendant was at MDC due to his request to attend the grand jury setting, and not just the three days Defendant was held in MDC beyond the arraignment deadline. Regardless, the State's failure to accurately identify his location meant that he was at MDC since before the grand jury proceeding. We consider the district court's written findings sufficient to satisfy the prejudice prong of *Harper*. *See* 2011-NMSC-044, ¶ 19.

**Availability of Lesser Sanctions**

**{11}** "Finally, we look at whether the district court considered lesser sanctions prior to dismissing the case[.]" *Lewis*, 2018-NMCA-019, ¶ 15. The requirement that district courts consider lesser sanctions does not mean that courts are obligated to "consider every conceivable lesser sanction." *Le Mier*, 2017-NMSC-017, ¶ 27. "To require this would be to significantly impinge upon and curtail the court's broad discretionary authority to fashion appropriate sanctions for [rule] violations. Rather, the court was only required to fashion the least severe sanction that best fit the situation *and* which accomplished the desired result." *Id.* (citation omitted). Here, the district court determined that "[d]ismissal without prejudice is the most appropriate sanction, as the

State remains free to re-indict the case against Defendant." We note that dismissal without prejudice is one of the lesser sanctions available and conclude that the district court appropriately considered this factor within the framework of *Harper/Le Mier* to determine that dismissal without prejudice was the most effective and least severe response to the violation at issue here.

**CONCLUSION**

**{12}** Based on the district court's consideration of the *Harper* and *Le Mier* factors of culpability, prejudice, and lesser sanctions, we conclude that the district court did not abuse its discretion in dismissing this case without prejudice. We affirm.

**{13}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JULIE J. VARGAS, Judge**